IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA

Case. No. 6:08-cr-60126-MC

v.

OPINION AND ORDER

LARRY JAMES RICH,

        Defendant.

_____

**MCSHANE, Judge:**

      Pursuant to 28 U.S.C. § 2255, defendant Larry James Rich moves to vacate or correct his 312 month sentence under 18 U.S.C. § 924(c)(1)(C). Rich argues that his underlying offense of armed bank robbery no longer qualifies as a "crime of violence" and his sentence must be vacated. Because armed bank robbery remains a crime of violence, Rich's motion is DENIED.

## DISCUSSION

      Nearly three years ago, the Supreme Court struck down as unconstitutionally vague the residual clause of the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii). *Johnson v. United States*, 135 S.Ct. 2551 (2015). The ACCA imposes a15 year mandatory minimum sentence for the crime of felon in possession of a firearm if the defendant has three prior predicate convictions that meet the definition of "violent felony." 18 U.S.C. § 924(e)(1).

The ACCA defines "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that—
>
>     (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
>     (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

§ 924(e). The final portion of the statue ("otherwise involves conduct that presents a serious potential risk of physical injury to another") is known as the "residual clause" and has been found unconstitutionally vague by the *Johnson* court. The Supreme Court later concluded *Johnson* was retroactive. *Welch v. United States*, 136 S. Ct. 1257 (2016).

There are two federal firearm statutes that impose mandatory minimum sentences. The ACCA, the subject of the *Johnson* decision, focuses on a defendant's prior criminal history; specifically, convictions involving drugs and crimes of violence. 18 USC 924(c), on the other hand, attaches irrespective of criminal history when a firearm is used or possessed in the furtherance of another crime of drug trafficking or violence. Rich was sentenced under 18 U.S.C. § 924(c), not the ACCA. Rich, however, argues that because the language in § 924(c) essentially mirrors that of the ACCA, the holding of *Johnson* renders his own sentence unconstitutional. Similar to the ACCA, § 924(c)(3) contains certain sentence enhancements for any "crime of violence." Like the ACCA, § 924(c)(3) contains a "force clause" and a "residual clause." Section 924(c)(3) provides an enhancement for "a crime of violence" that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another; or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Rich argues that under the reasoning of *Johnson*, the residual clause of § 924(c)(3)(B) is unconstitutional. With the residual clause inapplicable, he next argues that because his underlying offense of armed bank robbery does not have "as an element the use, attempted use, or threated use of physical force against the person or property of another," his sentence under the force clause of § 924(c) is unconstitutional.

The relevant federal bank robbery statute provides that "Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, . . . any property or money . . . in the care, custody, control, management, or possession of, any bank . . ." shall be imprisoned up to twenty years. 18 U.S.C. § 2113(a). The statute provides a maximum 25 year sentence for one, like Rich, who robs a bank and "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device[.]" § 2113(d).

After Rich filed his memorandum in support, but before the government filed its response, the Ninth Circuit issued a published opinion holding the federal crime of carjacking is a "crime of violence" under the "force clause" of § 924(c). *United States v. Gutierrez*, 876 F.3d 1254, 1256 (9th Cir. 2017) (*per curiam*). The carjacking statute, like the bank robbery statute, requires that the taking be "by force and violence or by intimidation[.]" *Id.* (quoting 18 U.S.C. § 2119). Like Rich, Gutierrez argued that because carjacking can be committed by intimidation, it does not qualify as a crime of violence following *Johnson*. In rejecting Guitierrez's argument, the Court agreed with other circuits and stated:

> We, too, have held that "intimidation" as used in the federal bank robbery statute requires that a person take property "in such a way that would put an ordinary, reasonable person in fear of bodily harm," which necessarily entails the "threatened use of physical force." *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990) (citation omitted). As a result, in our court, too, federal bank robbery constitutes a crime of violence. *Id.* We have not addressed in a published decision whether *Selfa's* holding remains sound after *Johnson*, but we think it does. A defendant cannot put a reasonable person in fear of bodily harm without

> threatening to use "force capable of causing physical pain or injury." *Johnson*, 559 U.S. at 140; *see United States v. Castleman*, 134 S. Ct. 1405, 1417 (2014) (Scalia, J. concurring) (bodily injury necessarily involves the use of violent force.). Bank robbery by intimidation thus requires at least an implicit threat to use the type of violent physical force necessary to meet the *Johnson* standard.

*Id.* at 1257.

After the government filed its response, but before Rich filed his reply, the Ninth Circuit held that the federal bank robbery statute Rich challenges here remains a "crime of violence" under § 924(c)'s "force clause." *United States v. Watson*, 881 F.3d 782 (9th Cir. 2018) (*per curiam*). Watson argued that committing bank robbery via intimidation does not require the violent physical force "capable of causing physical pain or injury" required under *Johnson*. *Id.* at 784-85 (quoting *Johnson*, 559 U.S. at 140). The court noted that *Gutierrez* recently rejected "this exact argument." *Id.* at 785. The court next rejected Watson's argument that bank robbery is not a crime of violence because one could commit it via negligent intimidation. Pointing to *Carter v. United States*, 530 U.S. 255, 268-69 (2000), the court concluded that "contrary to Watson and Danielson's contention, a defendant may not be convicted [of federal bank robbery] if he only negligently intimidated the victim. *Carter*, 530 U.S. at 269. The offense must at least involve the knowing use of intimidation, which necessarily entails the knowing use, attempted use, or threatened use of violent physical force." *Watson*, 881 F.3d at 785.

Rich acknowledges that *Watson* forecloses his argument that bank robbery is not a crime of violence, but seeks a certificate of appealability, arguing that *Watson's* holding that negligent intimidation will not support a bank robbery conviction is at odds with Supreme Court and Ninth Circuit precedent. Judge Simon recently noted "some tension" between *Watson* and *Carter* on the same issue Rich raises here. *United States v. Dawson*, 2018 WL 1082839 at *3-4 (D. Or. February 27, 2018 Opinion). After noting *Watson* controlled the outcome, Judge Simon noted

that "Given the tension between *Carter* and the case law described above, however, it is appropriate to issue a certificate of appealability." *Id.* at *4. I agree.

## **CONCLUSION**

Because federal bank robbery remains a crime of violence, Rich's Motion under 28 U.S.C. § 2255, ECF No. 27, is DENIED. Mr. Rich is entitled to a certificate of appealability as to his argument that armed bank robbery is not a crime of violence under § 924(c).

IT IS SO ORDERED.

DATED this 23rd day of May, 2018.

_____/s/ Michael McShane____
Michael McShane
United States District Judge